UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| ALLAN L.M. ROBINSON, | CASE NO. C14-5274 RJB |
|---|---|
| Plaintiff, | ORDER ON DEFENDANTS' FRCP 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT |
| v. | |
| MICHAEL SCOTT TURNER, ANDREW MONSON, HESTER GILLELAND, KAREN JOHNSON, CHUCK SPOOR, CITY OF RAYMOND, HARLEY BOGGS, MICAH RISTOW, WILLIAM PENOYER, VANCE JOHNSON, and ELIZABETH PENOYER, | |
| Defendants. | |

This matter comes before the court on Defendants' FRCP 12(b)(6) Motion to Dismiss Plaintiff's Complaint. Dkt. 27. The court has reviewed the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY

Plaintiff filed his first Complaint (Dkt. 24) in this action in Grays Harbor County Superior Court on July 29, 2013. Among other things, plaintiff alleged violation of his "civil

ORDER ON DEFENDANTS' FRCP 12(B)(6)
MOTION TO DISMISS PLAINTIFF'S
COMPLAINT- 1

1   rights as enumerated under both the state and federal constitutions . . . ." Dkt. 24 at 3–4. On

2   January 10, 2014, plaintiff filed his First Amended Complaint (Dkt. 1-2), alleging "violation of

3   42 U.S.C. § <u>1985</u>" (underline in original), deprivation of plaintiff's "civil rights as defined under

4   42 U.S.C. 1983," as well as other claims.  Dkt. 1-2 at 2–3.

5         On April 3, 2014, defendants removed the case to this court, on the basis of federal

6   question jurisdiction. Dkt. 1.

7         On April 17, 2014, plaintiff filed a Second Amended Complaint, stating:

8         This is a civil action in excess of the jurisdictional amount of this Court. Plaintiff
          asserts 42 U.S.C. § 1983 claims against defendants for multiple violations of his
9         various constitutional rights. State law claims against defendants are so related to
          federal claims that they form the same case and controversy.

10

11   Dkt. 8 at 2.

12          On November 13, 2014, the court issued an order, directing plaintiff to "file one final

13   new complaint that sets forth all the causes of action and facts plaintiff is alleging and all the

14   defendants plaintiff is making claims against." (Dkt. 25, at 5). The court further directed as

15   follows:

16         In Plaintiff's new complaint, Plaintiff should set out the specific actions taken by each
           defendant who Plaintiff believes violated his federal constitutional rights or state law, as
17         well as the dates those actions occurred. Although specificity is required, Plaintiff's
           complaint should only be a "short and plain statement of the claim showing that the
18         pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

19

20   Dkt. 25, at 5.

21          On December 1, 2014, plaintiff filed the complaint in response to the court's November

22   13, 2014 order: Complaint with Jury Demand and Declaratory Judgment.  Dkt. 24.  This

23   complaint supersedes the previously filed complaints. An amended pleading supersedes the

24   original pleading. *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th

ORDER ON DEFENDANTS' FRCP 12(B)(6)
MOTION TO DISMISS PLAINTIFF'S
COMPLAINT- 2

1  Cir.1990) ( "[t]he fact that a party was named in the original complaint is irrelevant; an amended

2  pleading supersedes the original" ); *Loux v. Rhay,* 375 F.2d 55, 57 (9th Cir.1967); *London v.*

3  *Coopers & Lybrand*, 644 F.2d 811 (9th Cir.1981) (claims not realleged in amended complaint

4  are deemed waived); 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice

5  and Procedure § 1476, at 556-59 (1990). After amendment the original pleading no longer

6  performs any function and is "treated thereafter as non-existent," *Loux,* 375 F.2d at 57.

7  COMPLAINT

8         The final complaint (Dkt. 24) names the following defendants:  Michael Scott Turner

9  (former city attorney for the City of Raymond and current municipal court judge); Andrew

10  Monson (performs pro tempore duties for the City of Raymond); Hester Gilleland (clerk for the

11  City of Raymond); Karen Johnson (court clerk and city clerk for the City of Raymond); Chuck

12  Spoor (police chief of the City of Raymond); City of Raymond; Harley Boggs and Micah Ristow

13  (City of Raymond police officers); William Penoyer (city attorney for the City of Raymond);

14  Vance Johnson (former  deputy with the Pacific County Sheriff's Department); and Elizabeth

15  Penoyer (in her official capacity).  Dkt. 26,  at 1-2.

16         When a plaintiff proceeds *pro se*, the district court is required to afford plaintiff the

17  benefit of any doubt in ascertaining what claims plaintiff raised in the complaint and argued to

18  the district court.  *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008), *citing Morrison v. Hall*,

19  261 F.3d 896, 899 n.2 (9th Cir. 2001); *see also Karim-Panahi v. Los Angeles Police Dept.*, 839

20  F.2d 621, 623 (9th Cir. 1988)(pleadings of *pro se* civil rights plaintiff to be construed liberally,

21  affording plaintiff benefit of any doubt).  The court has attempted to ascertain the claims and

22  facts as asserted in the complaint.

23         The complaint alleges the following facts:

24

**1. 2001 Citation.**   On December 10, 2010, deputy Ristow contacted plaintiff at his residence and informed him that his vehicle was running, and that, on December 13, 2010, deputy Ristow filed a citation for "engine running and left unattended." Dkt. 26,  at 3.  On December 26, 2010, plaintiff requested discovery pursuant to a criminal rule, but Mr. Turner denied the request.  On February 23, 2012, Mr. Turner presented a Motion and Order to Dismiss the citation to the City of Raymond Municipal court; Judge Monson signed the order at his residence and drove the documents to Mr. Turner's home.  Plaintiff alleges that Mr. Turner and Judge Monson "conspired to violate and deprive [plaintiff] of certain civil rights."  Dkt. 26, at 4.

**2. Reasonable Accommodation.**  On January 16, 2011, plaintiff made a reasonable accommodation request to Ms. Gilliland so that he could attend trial court proceedings.  On January 21, 2011, Ms. Gilliland denied the request. On November 16, after he had made requests under the Americans with Disabilities Act, plaintiff appeared at the Raymond Municipal Court on November 28, 2012.  Mr. Turner and Ms. or Mr. Penoyer conspired to deprive plaintiff of reasonable accommodation under the Americans with Disabilities Act.

**3. Public Records Requests.**  After the citation was dismissed, plaintiff filed several public records requests under Washington's Public Records Act, RCW 42.56; Ms. Gilliland denied these requests.  Since February 26, 2013, Ms. Gilliland has engaged in a pattern of conduct to deprive plaintiff of information he requested under RCW 42.56.

**4. Judicial Conduct Complaint.** On February 27, 2013, plaintiff filed a complaint against Mr. Turner.

**5. August 28, 2013 Proceedings in Raymond Municipal Court.** Plaintiff had dental surgery at 8:30 a.m., and appeared at the Raymond Municipal Court for a 1:30 p.m. hearing.  The courtroom was crowded, and only one seat was available.  That seat was next to police officer

Boggs. Mr. Turner arrived 72 minutes late.  Plaintiff informed William Penoyer, who was presiding as the judge, that he needed to take medication at a motel, but Judge Penoyer refused to talk to him.  Judge Penoyer signed a bench warrant for plaintiff's arrest.  Since September 12, 2013, plaintiff has attempted to resolve the warrant but Mr. Turner and court clerk Vance Johnson have refused to accept his mail.

**6. Election.** Between March 6, 2012 and July 29, 2013, Ms. Gilleland, Mr. Turner, Mr. Spoor and Ms. Johnson have conspired to deprive plaintiff of "certain civil rights" in order to prevent him from being placed on the ballot for mayoral election.  On June 28, 2013, deputy Vance confiscated plaintiff's cell phone as he was campaigning for mayor of the City of Raymond.

**7. Conversation at Hospital.** On June 28, 2013, officer Boggs and deputy Johnson listened to a telephone conversation between Dr. Shaw and VA physician Wallace in the emergency room of Willapa Hospital, and unlawfully passed the information on to police chief Spoor and Mr. Turner.

<u>MOTION TO DISMISS</u>

On April 17,  2015, defendants filed a motion to dismiss, arguing that plaintiff (1) fails to set forth sufficient factual allegations against defendants that show how he was deprived of any right secured to him by the Constitution or laws of the United States; (2) fails to support a claim for malicious prosecution under 42 U.S.C. § 1983 because he has not shown how he was prosecuted without probable cause or how defendants' actions  were done for the purpose of denying him a constitutional right, and because Mr. Turner is protected by absolute judicial immunity; (3) fails to set forth any facts to support a civil conspiracy claim; (4) fails to allege any facts showing that he is a qualified individual with a disability, that he was excluded from

1  participation in or denied benefits of a public entity, and/or that any exclusion or discrimination

2  was by reason of his disability, as are required to state a claim under the ADA.  Dkt. 27.

3  Defendants contend that plaintiff has not set forth facts sufficient to create a cause of action

4  under state law, but that, if any state law claims survive, the court should decline supplemental

5  jurisdiction over those claims.  *Id.*, at 7.

6       On April 21, 2015, the court issued a notice, informing plaintiff of the requirements to

7  respond to the motion to dismiss, and that he could file a response no later than May 18, 2015.

8  Dkt. 28, at 2.  In that notice, the court informed plaintiff that, if the motion to dismiss is granted,

9  that would end his case.  Dkt. 28, at 2.  As of the date of this order, plaintiff did not file a

10  response to the motion to dismiss.

11  <u>LEGAL STANDARD</u>

12       Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short

13  and plain statement of the claim showing that the pleader is entitled to relief."  Under Fed. R.

14  Civ. P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim upon which relief

15  can be granted."  Dismissal of a complaint may be based on either the lack of a cognizable legal

16  theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v.*

17  *Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint attacked by a

18  Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation

19  to provide the grounds of his entitlement to relief requires more than labels and conclusions, and

20  a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp. v.*

21  *Twombly*, 550 U.S. 544, 555 (2007) (*internal citations omitted*).

22       Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient

23  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*

24

ORDER ON DEFENDANTS' FRCP 12(B)(6)
MOTION TO DISMISS PLAINTIFF'S
COMPLAINT- 6

1    *v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(*citing Twombly*, at 570).  A claim has "facial plausibility"

2    when the party seeking relief "pleads factual content that allows the court to draw the reasonable

3    inference that the defendant is liable for the misconduct alleged."  *Id*.  First, "a court considering

4    a motion to dismiss can choose to begin by identifying pleadings that, because they are no more

5    than conclusions, are not entitled to the assumption of truth."  *Id.*, at 1950.  Secondly, "[w]hen

6    there are well-pleaded factual allegations, a court should assume their veracity and then

7    determine whether they plausibly give rise to an entitlement to relief."  *Id.*  "In sum, for a

8    complaint to survive a motion to dismiss the non-conclusory factual content, and reasonable

9    inferences from that content must be plausibly suggestive of a claim entitling the pleader to

10   relief."  *Moss v. U.S. Secret Service,* 2009 WL 2052985 (9th Cir. July 16, 2009).

11        If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff

12   should be afforded the opportunity to amend the complaint before dismissal.  *Keniston v.*

13   *Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983).  If the claim is not based on a proper legal theory,

14   the claim should be dismissed.  *Id.*  "Dismissal without leave to amend is improper unless it is

15   clear, upon de novo review, that the complaint could not be saved by any amendment."  *Moss v.*

16   *U.S. Secret Service,* 2009 WL 2052985 (9th Cir. 2009).  Plaintiff was provided with the

17   opportunity to amend.  *See* Procedural History, *supra.*

18                                                DISCUSSION

19        **A.  Claims under 42 U.S.C. § 1983**

20        To state a claim for relief under 42 U.S.C. § 1983, plaintiff must establish that: (1) plaintiff

21   was deprived of a right secured by the Constitution or laws of the United States, and (2) the

22   deprivation was visited upon plaintiff by a person acting under the color of state law. *Gomez v.*

23   *Toledo*, 446 U.S. 635, 640 100 S. Ct. 1920 (1980). "A person subjects another to the deprivation of a

24   constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in

another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Recovery under 42 U.S.C. § 1983 requires an actual connection or link between the actions of the defendant and the deprivation alleged to have been suffered by the plaintiff. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

   *1. 2010 Citation.*   Plaintiff apparently alleges that the citation issued on December 10, 2010, for engine running and left unattended, denial of his request for discovery, presentment of the motion to dismiss the citation by Mr. Turner to Mr. Monson at Mr. Monson's home, and dismissal of the citation during a court session held on Saturday violated his constitutional rights.

   A plaintiff may bring a claim for malicious prosecution under 42 U.S.C. § 1983 if plaintiff can show that a person, entity, or municipality acting under the color of state law violated his "right, privilege, or immunities secured by the constitution and [federal] laws." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (citation omitted). To demonstrate malicious prosecution under § 1983, a plaintiff "'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.'" *Id.* (citing *Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir.1995)).* Actions for malicious prosecutions are not solely limited to prosecutors; such actions can be brought any "persons who have wrongfully caused the charges to be filed." *Id.* (citing *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1126-27 (9th Cir.2002)).

   Plaintiff has not alleged facts sufficient to show that any named defendant violated a right, a privilege, or immunities secured by the constitution and federal laws when he was issued a citation for an unoccupied vehicle on is property;  nor has plaintiff alleged sufficient facts for an alleged unidentified constitutional violation, based upon dismissal of the citation. Finally, he

has not alleged a constitutional violation for denial of discovery, given that the citation was dismissed.  Plaintiff has not stated a claim for violation of his federal constitutional rights with regard to the 2010 citation.  Defendants' motion to dismiss this claim for failure to state a claim should be granted.

   *2. Public Records Requests.* Plaintiff alleges that his requests under Washington's Public Records Act, RCW 42.56 were improperly denied. RCW 42.56.550 provides for judicial review of denial of a public records request. Plaintiff has not stated a federal constitutional claim as to this issue. Defendants' motion to dismiss this claim for failure to state a claim should be granted.

   *3. August 28, 2013 Proceedings in Raymond Municipal Court.* Plaintiff apparently claims his constitutional rights were violated when Judge Penoyer declined to listen to plaintiff and signed a bench warrant after plaintiff left the courtroom to obtain medication from his motel room, and when Mr. Turner and deputy Johnson refused to accept his mail in his attempt to resolve the warrant.  Plaintiff has not stated a federal constitutional claim, on the facts alleged.

   Further, Judge Penoyer is entitled to absolute immunity for allegedly declining to listen to plaintiff and for signing the bench warrant.  Judges are absolutely immune from damages for judicial acts taken within the jurisdiction of their courts.  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987).  Even grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity. *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1973).  As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies.  *Ashelman v. Pope*, 793 F.2d at 1078.

   Defendants' motion to dismiss claims arising out of this incident should be dismissed for failure to state a claim.

1      *4. Judicial Conduct Complaint*. Plaintiff's judicial conduct complaint against Mr.

2 Turner does not constitute a cognizable federal constitutional claim.

3      *5. Election.* Plaintiff alleges that Ms. Gilleland, Mr. Turner, Mr. Spoor and Ms. Johnson

4 conspired to deprive plaintiff of "certain civil rights" in order to prevent him from being placed

5 on the ballot for mayoral election, and that deputy Vance confiscated plaintiff's cell phone as he

6 was campaigning for mayor of the City of Raymond.  Plaintiff has not alleged facts supporting

7 any federal constitutional claim.  Defendants' motion to dismiss these claims should be

8 dismissed for failure to state a claim.

9      *6. Conversation at Hospital.* Plaintiff alleges that officer Boggs and deputy Johnson

10 listened to a telephone conversation between Dr. Shaw and VA physician Wallace in the

11 emergency room of Willapa Hospital, and unlawfully passed the information on to police chief

12 Spoor and Mr. Turner. Plaintiff has not alleged sufficient facts to show that these defendants

13 violated any of plaintiff's federal constitutional rights.  Defendants' motion to dismiss claims

14 arising out of this incident should be dismissed for failure to state a claim.

15     **B. Reasonable Accommodation**

16      Plaintiff alleges that defendants' failure to afford him reasonable accommodation

17 pursuant to his requests on January 16, 2011 and November 28,  2012 violated the ADA.

18      The ADA prohibits a "public entity" from discriminating against a "qualified individual

19 with a disability" on account of that disability.  42 U.S.C. § 12132. "Title II of the ADA provides

20 that 'no qualified individual with a disability shall, by reason of such disability, be excluded

21 from participation in or be denied the benefits of the services, programs, or activities of a public

22 entity, or be subjected to discrimination by any such entity.'" *Simmons v. Navajo County, Ariz.*,

23 609 F.3d 1011, 1021 (9th Cir. 2010)(*citing* 42 U.S.C. § 12132).

24

To state a claim under the ADA's Title II, Plaintiffs must allege:

(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*Id.*

To prevail under the ADA, plaintiff must show the accommodations offered by the defendants were not reasonable, and that he was unable to participate equally in the proceedings at issue. *Memmer v. Marin County Courts*, 169 F.3d 630, 633-34 (9th Cir. 1999).

Plaintiff has not alleged facts sufficient to show that he is a qualified individual with a disability; what accommodations he requested; or, significantly, that he was excluded from participating in the proceedings in the City of Raymond municipal court. In fact, plaintiff alleged that he appeared in court, even though the courtroom was crowded and the proceedings were delayed. Plaintiff left before he was apparently called to appear. Plaintiff has not stated a claim that defendants violated the ADA. Defendants' motion to dismiss this claim for failure to state a claim should be granted.

**C. State Law Claims**

It is unclear whether plaintiff is basing any of his claims on state law, although the complaint alleges that the bench warrant issued on August 28, 2013 violated state law; and that failure of defendants to comply with Washington's Public Records Act deprived plaintiff of lawful information. Dkt. 26, at 5.

Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all other claims that are so related to claims in the action  the original jurisdiction so that they form part of the same case or controversy. The Court may decline to exercise this supplemental

ORDER ON DEFENDANTS' FRCP 12(B)(6)
MOTION TO DISMISS PLAINTIFF'S
COMPLAINT- 11

1  jurisdiction if (1) the claim raises a novel or complex issue of state law, (2) the claim

2  substantially predominates over the claim or claims over which the district court has original

3  jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction,

4  or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

5  28 U.S.C. § 1367(c).

6          In this case, all claims over which the court has original jurisdiction are dismissed by this

7  order.  Any claims that plaintiff may make under state law involve interpretation of Washington

8  law and should therefore be considered by the state court.  The court should decline to exercise

9  supplemental jurisdiction over any state law claims plaintiff is asserting in this case.

10

11         Accordingly, it is hereby **ORDERED** that Defendants' FRCP 12(b)(6) Motion to

12  Dismiss Plaintiff's Complaint (Dkt. 27) is **GRANTED** as follows:  Plaintiff's federal claims are

13  **DISMISSED**.  The court **DECLINES** to exercise supplemental jurisdiction over plaintiff's state

14  law claims; these claims are **REMANDED** to Grays Harbor County Superior Court.

15         The Clerk is directed to send uncertified copies of this Order to all counsel of record and

16  to any party appearing *pro se* at said party's last known address.

17         Dated this 27th day of May, 2015.

18

19

20         ROBERT J. BRYAN
           United States District Judge

21

22

23

24

ORDER ON DEFENDANTS' FRCP 12(B)(6)
MOTION TO DISMISS PLAINTIFF'S
COMPLAINT- 12